IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02666-MEH

IBRAHIM TOSUN,

     Plaintiff,

v.

WYATT'S TOWING,

     Defendants.

---

## ORDER TO SHOW CAUSE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Original Complaint ("Complaint"). ECF 1. Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. *Id.* at 3. This matter comes before the Court due to Plaintiff's failure to show either federal question jurisdiction or original jurisdiction.

## I.    Federal Question Jurisdiction

"The district courts of the United States, as we have said many times, are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citation omitted). Pursuant to 28 U.S.C. § 1331, "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

In this case, Plaintiff invokes this type of jurisdiction on the grounds that "car will be removed [sic] from parking after 72 hours not overnight. Wyatt's towing is fire [sic] from property because no contract [sic]." ECF 1 at 3. The cause of action listed on the Civil Cover Sheet is

alleged as a class action, and is described as "illegally towing the cars and damages racketeering." ECF 1-1.  Plaintiff has left blank the portion of the form requiring a statement of claims with supporting facts. ECF 1 at 4. As Plaintiff raises no claim under federal law, the Court questions whether Plaintiff has met his burden to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II.    Diversity Jurisdiction

Pursuant to § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Thus, "diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'"  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).  "[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."  *Id.*  The facts presently alleged are insufficient to establish diversity of citizenship. Plaintiff lists his address as a post office box located in Avon, Colorado, and Defendant's address as being in Englewood, Colorado, and further, states that both he and Defendant are citizens of "USA." ECF 1 at 3.  The alleged citizenship is not diverse.  Nor does the Complaint meet the amount in controversy requirement of $75,000; Plaintiff demands $3,611.87 in damages. ECF 1-1.

## III.    Conclusion

Accordingly, because the Plaintiff's allegations are presently insufficient to allow the Court to determine the existence of federal question jurisdiction, or diversity jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir.

1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted), it is

ORDERED that Plaintiff file a written response to this Order to Show Cause **on or before November 3, 2023**, demonstrating why the Court should not dismiss this case (or recommend that it be dismissed) without prejudice for the Court's lack of subject matter jurisdiction.

Entered and dated at Denver, Colorado, this 16th day of October, 2023.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

3