**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02666-MEH

IBRAHIM TOSUN,

      Plaintiff,

v.

TOWING HOLDINGS, LLC d/b/a/ WYATTS TOWING, a Colorado limited liability company,

      Defendant.

_____

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
_____

Defendant Towing Holdings, LLC d/b/a Wyatts Towing ("Wyatts"), through its attorneys, Goodspeed Merrill, states as follows for its Motion to Dismiss Plaintiff's Complaint.

**CONFERRAL PER D.C.COLO.LCivR 7.1**

Undersigned counsel attempted to confer with Pro Se Plaintiff regarding the relief requested herein via email and did not receive a response.

**BACKGROUND**

1.      Plaintiff filed this action on October 12, 2023 and served Defendant on October 18, 2023.

2.      Pursuant to F.R.C.P 6.1(b)(1)(A) and D.C.COLO.LCivR 6.1, Wyatts requested a 21-day extension to Wednesday, November 29, 2023 to answer or otherwise respond to Plaintiff's Complaint.  The Court granted the extension.

3.      Undersigned counsel noted there is an outstanding Show Cause Order necessitating that Plaintiff substantiate subject matter jurisdiction. ECF No. 5.

**MOTION TO DISMISS**

4.      Defendant moves to dismiss because the Court does not have subject matter jurisdiction over the matter.

5.      The Court does not have federal question jurisdiction over the matter. "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's Complaint states, "car will be removed from parking after 72 hours not overnight. Wyatt's towing is fired from property because no contract."[1] ECF No. 1 at 3. This statement does not raise a claim under the Constitution or federal law. Furthermore, Plaintiff failed to include a statement of claims and supporting facts with his Complaint. ECF No. 1 at 4. Therefore, Plaintiff does not raise a claim under federal question jurisdiction.

6.      The Court does not have diversity jurisdiction over the matter. "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "[D]iversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). Here, Plaintiff states that both parties are citizens of "USA." ECF No. 1 at 3. Plaintiff also lists his address in Avon, Colorado, and Defendant's address

---

[1] For purposes of clarity and due to the Plaintiff being *pro se*, undersigned counsel has refrained from using the [SIC] notation and has recreated the quotations utilized herein based on his reasonable interpretation of the intended language quoted.

in Englewood, Colorado. ECF No. 1 at 2. The parties are not citizens of different states. Furthermore, under "Request for Relief," Plaintiff states, "pay in full because judge in Arapahoe county court help defendant on his wrongdoing."[2] ECF No. 1 at 5. Plaintiff does not allege more than $75,000 in damages. Therefore, Plaintiff does not raise a claim under diversity jurisdiction.

7.      Because the Plaintiff has failed to raise a claim under both federal question jurisdiction and diversity jurisdiction, the Court does not have subject matter jurisdiction over the matter, and it should be dismissed.

8.      However, if the Court finds it has subject matter jurisdiction, then Defendant moves to dismiss under the doctrine of *res judicata*. "The doctrine of *res judicata*, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject or a previously issued final judgment. *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (internal citations omitted). "Three elements are required to apply the doctrine of claim preclusion: (1) a final judgment on the merits in an earlier action, (2) identity or privity of the parties in the two suits, and (3) identity of the cause of action in both suits." *Buhendwa v. Regional Transportation District*, 82 F.Supp.3d 1259, 1263-64 (D.Colo. 2015). Here, Plaintiff filed a case in Arapahoe County, Colorado (2023S000037) against Wyatts to recover money for the cost of claiming his vehicle after it was towed three times. The Court ordered Defendant to refund Plaintiff for the cost of claiming his vehicle for one of the three tows, for a total of $714.82. Defendant paid Plaintiff via check on June 26, 2023, and Plaintiff cashed the check on July 5, 2023, attached as **Exhibit A**. Therefore, Plaintiff is precluded from relitigating this case under the

---

[2] See footnote 1.

doctrine of *res judicata*, and the case should be dismissed.

Accordingly, Wyatts respectfully request the Court grant its Motion to Dismiss Plaintiff's

Complaint.

Respectfully submitted this 29th day of November, 2023.

s/ *John-Paul C. Sauer*
John-Paul C. Sauer
Goodspeed Merrill
9605 South Kingston Court, Suite 200
Englewood, CO  80112
Telephone: (720) 473-7644
Facsimile: (720) 473-7647
Email: jsauer@goodspeedmerrill.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2023, I electronically filed the foregoing **Motion to Dismiss** with the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Ibrahim Tosun
P.O. Box 3611
Avon, CO 81620
Telephone: (970) 376-1626
Email: euro_quality@hotmail.com
*Pro-Se Plaintiff*

*s/ John-Paul C. Sauer*
John-Paul C. Sauer