IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02666-MEH

IBRAHIM TOSUN,

     Plaintiff,

v.

WYATT'S TOWING,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

On October 16, 2023, the Court issued an Order to Show Cause, directing Plaintiff to respond on or before November 3, 2023, demonstrating why the Court should not dismiss this case (or recommend that it be dismissed) without prejudice for the Court's lack of subject matter jurisdiction. ECF 5. Defendant has filed a Motion to Dismiss [November 29, 2023; ECF 11]. The Court finds that neither additional briefing nor oral argument would materially assist in its adjudication. Based upon the record, the Court respectfully recommends that Defendant's Motion be granted and that this case be dismissed without prejudice for the Court's lack of subject matter jurisdiction.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. *Rundle v. Frontier-Kemper Constructors, Inc.*, 170 F. Supp. 2d 1075, 1077 (D. Colo. 2001) (citing *Castaneda v. Immigration and Naturalization Serv.,* 23 F.3d

1576, 1580 (10th Cir. 1994)). Because federal courts are courts of limited jurisdiction, there is a general presumption against such jurisdiction, and the party invoking it bears the burden of proof. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). A federal court has original jurisdiction only over cases that the Constitution and Congress have granted it authority to hear. *ICG Telecom Grp. v. Qwest Corp.*, 375 F. Supp. 2d 1084, 1086 (D. Colo. 2005). This includes diversity jurisdiction. 28 U.S.C. § 1332(a).

## ANALYSIS

On November 2, 2023, Plaintiff filed a Letter which is construed as a response to the Show Cause Order. ECF 7. Plaintiff has not explained how this Court can exercise jurisdiction over the lawsuit. First, as noted above in the Order to Show Cause and as argued by Defendant, there is no basis for finding 28 U.S.C. § 1332 jurisdiction because there is no diversity of citizenship. Congress has authorized the federal district courts to exercise jurisdiction over certain cases between citizens of different states. 28 U.S.C. § 1332(a)(1). But such diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, (2005). Plaintiff lists his address as a post office box located in Avon, Colorado, and Defendant's address as being in Englewood, Colorado, and further, states that both he and Defendant are citizens of "USA." ECF 1 at 3. The alleged citizenship is not diverse, and Plaintiff has provided no basis for finding otherwise. Nor does the Complaint meet the amount in controversy requirement of $75,000; Plaintiff demands $3,611.87 in damages. ECF 1-1.

Second, pursuant to 28 U.S.C. § 1331, "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In this case, Plaintiff invokes this type of jurisdiction on the grounds that "car will be removed [sic] from

2

parking after 72 hours not overnight. Wyatt's towing is fire [sic] from property because no contract [sic]." ECF 1 at 3. The cause of action listed on the Civil Cover Sheet is alleged as a class action and is described as "illegally towing the cars and damages racketeering." ECF 1-1. Plaintiff has left blank the portion of the form requiring a statement of claims with supporting facts. ECF 1 at 4. Plaintiff reiterates his allegations of illegal towing in his Response. ECF 7. As Plaintiff raises no claim under federal law, the Court finds Plaintiff has met his burden to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## **CONCLUSION**

Plaintiff has not met his burden to demonstrate how this federal court's limited jurisdiction permits it to hear this matter. Accordingly, the Court respectfully RECOMMENDS[1] that Defendant's Motion to Dismiss [filed November 29, 2023; ECF 11] be **granted** and this action be **dismissed.**

The Court directs the Clerk of the Court to **reassign** this case to a District Judge pursuant to D.C. Colo. LCivR 40.1(a).

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

Respectfully submitted this 1st day of December, 2023, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge