IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-02666-CNS

IBRAHIM TOSUN,

    Plaintiff,

v.

WYATTS TOWING,

    Defendant.

## ORDER

Before the Court is Defendant Wyatts Towing's Motion to Dismiss Plaintiff's Complaint (ECF No. 11) and United States Chief Magistrate Judge Michael E. Hegarty's Recommendation to Grant Defendant's motion (ECF No. 12). Plaintiff filed an objection to the Recommendation (ECF No. 15), and Defendant responded (ECF No. 17). For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation.

### I.   SUMMARY FOR PRO SE PLAINTIFF

On November 29, 2023, Defendant filed a motion to dismiss your Complaint for lack of subject matter jurisdiction (ECF No. 11). Two days later, Chief Magistrate Judge Hegarty recommended that this Court grant Defendant's motion to dismiss (ECF No. 12). The Recommendation determined that jurisdiction is lacking under both diversity and federal question jurisdiction (*id.* at 2–3). Chief Magistrate Judge Hegarty correctly

1

explained that diversity jurisdiction requires complete diversity between all plaintiffs (here, just you) and all defendants (again, just Wyatts) (*id.*). He further noted that the amount in controversy must also exceed $75,000 to properly establish diversity jurisdiction (*id.*). Because you cannot satisfy either requirement, he determined that diversity jurisdiction is lacking (*id.*). Chief Magistrate Judge Hegarty then found that your Complaint fails to allege a violation of any federal statute (*id.*). Therefore, federal question diversity is likewise lacking.

In your brief response to the Recommendation, you only challenge his finding that you are a Colorado resident (ECF No. 15). You now contend that you have lived in Texas for the past two years (*id.*). Even if true, you did not address the amount in controversy requirement in your response. This is fatal because your Civil Cover Sheet plainly demands $3,611.87, far short of the required $75,000 (ECF No. 1-1; *see also* 28 U.S.C. § 1332(a)).

Because this Court, like any other federal court, is a court of limited jurisdiction, it does not have power to adjudicate your cause of action against Wyatts. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, the Court is dismissing your Complaint without prejudice, which means that you may refile your lawsuit against Wyatts in an appropriate court, assuming you can satisfy all procedural and jurisdictional requirements. *See Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period." (citations and quotations omitted)).

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Plaintiff filed this Complaint against Defendant alleging that "car will be remowed [sic] from parking after 72 hours not overnight. Wyatt's towing is fire [sic] from property because no contract [sic]" (ECF No. 1 at 2). And in his Civil Cover Sheet, he describes the cause of action as "illegally towing the cars and damages racketeering" (ECF No. 1-1).

Plaintiff purports to bring a class action (*id.*). In terms of subject matter jurisdiction, he did not complete the "basis of jurisdiction" section of his Civil Cover Sheet, but he indicated that both he and Defendant are citizens of Colorado (*id.*). In his Complaint, he did not check either box in the jurisdiction section despite the direction to "check one" (ECF No. 1 at 3). He did, however, describe the nature of his action under the federal question jurisdiction section (*id.*). He then listed "USA" as the citizenship for each party (*id.*). Finally, he listed his address as a post office box in Avon, Colorado, and Defendant's address in Englewood, Colorado (ECF No. 1 at 2). As explained above, Chief Magistrate Judge Hegarty found jurisdiction lacking under both 28 U.S.C. §§ 1331 and 1332.

In addition to filing his objection to the Recommendation in which Plaintiff claims that he has lived in Texas for the past two years (ECF No. 15), he also filed a notice of change of address on the same day (ECF No. 14). In the notice, his old street address is identical to his new address, except he states that his old address is in "Round Rock, TX" and his *new address* is in "Round Rock, CO" (*id.*). He also listed his Avon, Colorado post office box at the top of his filing (*id.*). As this case does not meet the amount in controversy

requirement, diversity jurisdiction does not exist regardless of whether Plaintiff lives in Texas or Colorado.

### III. LEGAL STANDARDS

#### A. Rule 72

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

#### B. Subject matter jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1317 (10th Cir. 2022) (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (quoting *Kokkonen*, 511 U.S. at 377 (citation omitted)).

## IV.   ANALYSIS

Having considered Chief Magistrate Judge Hegarty's Recommendation, the pleadings in this matter, including Plaintiff's objection to the Recommendation, and relevant legal authority, the Court overrules the objection and finds that the Recommendation is correct.

It is Plaintiff's burden to establish jurisdiction. *Id.* He has failed to do so. Even assuming Plaintiff is a citizen of Texas, he has made no showing to suggest the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Thus, diversity jurisdiction is lacking. He also has made no attempt to show (nor does it appear he could) that his claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, federal question jurisdiction is also lacking.

Because the Court lacks jurisdiction to hear this case, it must be dismissed.

## V.   CONCLUSION

Accordingly, the Court AFFIRMS and ADOPTS Chief Magistrate Judge Hegarty's Recommendation to Grant Defendant's motion to dismiss (ECF No. 12) as an order of this Court. Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 11) is GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is directed to close this case.

DATED this 31st day of January 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge